IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TIMOTHY JOSEPH JOST, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:09-CV-0274 |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

### REPORT AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AS MOOT

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner TIMOTHY JOSEPH JOST. By his habeas application, petitioner challenges Disciplinary Proceeding No. 20090012185 held September 15, 2008 at the Byrd Unit in Walker County, Texas,[1] wherein petitioner was found guilty of assaulting an officer without a weapon resulting in a non-serious injury, a Level 1, Code 3.3 offense, and refusing to obey an order, a Level 2, Code 24.0 offense. Punishment assessed as a result of the disciplinary offenses included the loss of 180 days previously accrued good time.

On December 30, 2009, respondent filed a Motion to Dismiss petitioner's federal habeas

---

[1] As of the date this habeas application was filed, petitioner was incarcerated at the Clements Unit in Potter County, Texas pursuant to a 25-year sentence for a 1999 conviction out of Victoria County, Texas for the offense of theft, and an 18-year sentence for a 1999 conviction out of Travis County, Texas for the offense of theft. *See State v. Jost*, Nos. 95-3-16,087-A and 950661, respectively. Both convictions and sentences were mandatory supervision-eligible.

corpus application as time barred by the one-year limitation period of 28 U.S.C. § 2244(d). The Court scheduled a hearing on the motion for August 24, 2010, however, petitioner filed a motion to abate, advising he would not be able to attend the hearing due to a scheduled surgery and requesting the proceedings be held in abeyance until January 11, 2011, after his release to mandatory supervised release. On August 18, 2010, the Court granted petitioner's request, ordered petitioner to inform the Court as to whether and when he would be able to proceed, and advised petitioner that his release to mandatory would render his habeas petition moot. The Court also administratively closed this case until further order.

On October 5, 2011, respondent filed a pleading with the Court advising therein that petitioner was, in fact, released to mandatory supervision on December 17, 2010. On October 6, 2011, the Court entered an Order re-opening this case. Petitioner has not filed any pleadings with the Court or communicated with the Court in any way since August 30, 2010.

I.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal due process rights were violated with regard to Disciplinary Proceeding No. 20090012195 because:

1. Petitioner was denied his right to call witnesses;

2. Petitioner was denied exculpatory documentary evidence;

3. There was insufficient evidence to find petitioner guilty of the disciplinary offense; and

4. Petitioner was denied an impartial fact finder.

## II.
## MOOTNESS OF PETITION

With his October 5, 2011 advisory to the Court, respondent provided documentation reflecting petitioner was released from prison to mandatory supervised release on December 17, 2010. Petitioner has not provided the Court with a change of address giving notice of his current address.

The only relief available to petitioner in this matter was the restoration of the 180-days previously accrued good time credits forfeited by the disciplinary action. As petitioner has been released and is no longer incarcerated, his request for a return of good time credits is moot. Under Texas Government Code section 498.003(a), "[g]ood conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term." Therefore, it is the opinion of the undersigned that because of petitioner's release to mandatory supervised release, the issues raised in his petition for a federal writ of habeas corpus are moot under the continuing controversy requirement, and that such petition should be dismissed.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner TIMOTHY JOSEPH JOST be DISMISSED as moot. It is the further RECOMMENDATION of the Magistrate Judge that respondent's Motion to Dismiss be DENIED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of October, 2011.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).